| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO.  29D01-1802-CT-001338 |

REBECCA DOBBINS and )
LEN DOBBINS, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　)
　　v. )
　　　　　　　　　　　　　　　　　　　)
STATE FARM MUTUAL AUTOMOBILE )
INSUANCE COMPANY, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

### PLAINTIFFS' PETITION FOR JOINDER OF AETNA AS A DEFENDANT, AND FOR DECLARATORY JUDGMENT CONCERNING ITS LIEN

Come now Plaintiffs Rebecca and Len Dobbins, by counsel, and, pursuant to Indiana Trial Rules 19(E)(3)(c), 20(A)(2), and 57, along with Indiana's Declaratory Judgment Statute, Indiana Code §34-14-1-1 *et seq.*, hereby respectfully request joinder of Aetna, Inc., a division of CVS Health Corp. (hereinafter, "Aetna") in the above-referenced action, to determine the amount, if any, owed to Aetna in connection with its asserted lien of $167,502.76 against Plaintiffs' $150,000.00 personal injury settlement proceeds. In support of this petition, Plaintiffs state as follows:

　　　　　1.　　On April 1, 2016, Plaintiffs Rebecca and Len Dobbins were involved in a motor vehicle collision caused by William Hirschfeld.

　　　　　2.　　The Dobbins have alleged in the instant lawsuit that, as a result of the incident, Mrs. Dobbins suffered severe and permanent physical injuries that necessitated multiple surgeries, and caused Mrs. Dobbins to incur more than $348,000.00 in medical bills, and tens of thousands of dollars in lost wages, with more damages anticipated, given the permanent nature of Mrs. Dobbins' injuries.



3. During the course of litigation, Mr. Hirschfeld's insurance carrier, Allstate Insurance, eventually agreed to pay its insurance policy limits of $100,000.00 to resolve the Dobbins' claims.

4. Recently, after extensive litigation, including depositions of the Dobbins, along with Mrs. Dobbins' spine surgeon, the Dobbins' insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), has agreed to pay its $150,000.00 in available underinsured motorists' coverage to resolve the Dobbins' underinsured motorist coverage claim against State Farm.

5. Upon information and belief, at all times material herein, Aetna, Inc., a division of CVS Health Corp. (hereinafter, "Aetna"), has been a company licensed to do business in the State of Indiana, with an Indiana Registered Agent, and has conducted business within Indiana.

6. Aetna initially asserted a lien totaling $198,836.43 against any personal injury settlement proceeds Plaintiffs might receive.

7. When Allstate Insurance agreed to pay its insurance policy limits of $100,000.00 to resolve the Dobbins' claims, Aetna and the Dobbins reached an agreement under which the Dobbins gave $31,333.67 of their $100,000.00 settlement from Allstate to Aetna as a partial payment of Aetna's lien. The parties agreed that, if the Dobbins recovered additional settlement proceeds from State Farm, the parties would evaluate an additional payment to Aetna.

8. Recently, after State Farm agreed to pay the Dobbins its $150,000.00 in available underinsured motorists' coverage, the Dobbins, through counsel, promptly notified Aetna of the settlement, and made an offer to pay Aetna an additional $18,666.33 (which would bring the Dobbins' total payback to Aetna to $50,000.00 on Aetna's $198,836.43 lien) to satisfy the remainder of Aetna's lien.

9. Aetna has declined the Dobbins' offer, and declined to make a counteroffer.

10. The Dobbins' offer to give Aetna an additional $18,666.33 out of the Dobbins' $150,000.00 settlement with State Farm, having already given Aetna $31,333.67, is more than reasonable, for, at a minimum, the following reasons:

   a. Aetna's recovery has only been made possible by the fact that the Dobbins retained counsel and pursued a personal injury claim. As a matter of fundamental fairness, Aetna should bear a portion of the Dobbins' legal expenses. The Dobbins are contractually obligated to share $50,000.00 of their $150,000.00 settlement with State Farm with their attorneys (though counsel of record below will be reducing our attorney fees, despite having spent extensive time litigating this case). The Dobbins have spent $5,011.00 on legal expenses that have accrued since the Dobbins reached their $100,000.00 settlement with Allstate, due to having to depose Mrs. Dobbins' spine surgeon (out of which they paid $1,070.44 in legal expenses). This means 37% of the Dobbins' $150,000.00 settlement with State Farm will go towards legal expenses. **Therefore, preliminarily, Aetna should reduce its lien by the same percentage, down to $105,526.73.**

   b. In addition, because the Dobbins' total settlement of just $250,000.00 (between Allstate and State Farm) constitutes, arguably, a mere 10% of the true settlement value of this case (as she suffered devastating, life-altering injuries that required she undergo two major spine surgeries and travel to the Mayo Clinic, and she suffered a traumatic brain injury that continues to impact her personally and professionally), Aetna's lien should be further reduced by a comparable amount, under the notions set forth in Indiana Code §34-51-2-19 and *Dep't of Pub. Welfare, State of Ind. v. Couch*, 605 N.E.2d 165 (Ind. 1992), down to $10,552.67. The Dobbins have offered Aetna significantly more as a compromise – namely, $18,666.33.

11. Aetna's refusal to equitably reduce its lien is holding up Plaintiffs' counsel's ability to finalize and disburse Plaintiff's settlement from State Farm, thus necessitating the involvement of this Court.

12. Accordingly, Plaintiffs now respectfully request joinder of Aetna for the purpose of determining the reasonable value of Aetna's asserted $167,502.76 lien as it pertains to Plaintiffs' $150,000.00 settlement with State Farm.

13. Joinder of Aetna to the instant litigation is just and appropriate under Indiana Trial

Rules 19(E)(3)(c), 20(A)(2), and 57, along with Indiana's Declaratory Judgment Statute, Indiana Code §34-14-1-1 *et seq*., because the issues surrounding Aetna's asserted lien arise out of the same occurrence that is the subject of this personal injury action, and because the determination of Aetna's asserted lien involves questions of law involving Plaintiffs.

WHEREFORE, Plaintiffs Rebecca and Len Dobbins respectfully request this Court join Aetna in this action, and that the Court set a hearing to determine the reasonable value of Aetna's asserted lien, and for all other relief just and proper in the premises.

Respectfully submitted,

**ROWE & HAMILTON**

/s/ Amy Van Ostrand-Fakehany
Amy Van Ostrand-Fakehany, #21854-49
Attorney for Plaintiffs

**ROWE & HAMILTON**
101 West Ohio St., Suite 1701
Indianapolis, Indiana 46204
Tele:   317.632.2524
Fax:   317.631.5905
E-Mail:  avanostrand@roweandhamilton.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served by the Court's ECF service distribution on January 27, 2020:

Bradley Schulz
**STATE FARM LITIGATION COUNSEL**
6640 Intech Blvd, Suite 210
P.O. Box 68995
Indianapolis, IN 46268
indi.law-schulz.229o18@statefarm.com

John C. Trimble
**LEWIS WAGNER, LLP**
501 Indiana Ave., #200
Indianapolis, IN 46202

4

    jtrimble@lewiswagner.com

I hereby certify that a copy of the foregoing has been served upon the following by First Class United States Mail, postage prepaid, on January 27, 2020:

    Aetna, Inc., a division of CVS Health Corp.
    c/o CT Corporation System, Registered Agent
    150 West Market St., Suite 800
    Indianapolis, Indiana 46204

I hereby certify that a copy of the foregoing has been served upon the following by electronic mail, on January 27, 2020:

    Rawlings Company
    c/o Jessica M. Cardwell, Subro Rec. Analyst
    JML1@rawlingscompany.com

    /s/ Amy Van Ostrand-Fakehany
    Amy Van Ostrand-Fakehany, #21854-49
    Attorney for Plaintiffs

**ROWE & HAMILTON**
101 West Ohio St., Suite 1701
Indianapolis, Indiana 46204
Tele:   317.632.2524
Fax:    317.631.5905
E-Mail:  avanostrand@roweandhamilton.com